UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

POWKO INDUSTRIES, LLC

VERSUS

DMI CONTRACTORS, INC. ET AL.

CIVIL ACTION

NO. 17-19-BAJ-EWD

**NOTICE AND ORDER**

This civil action arises out of a Third Party Demand filed by Scott Folse, DMI Contractors, Inc. and DMI Pipe Fabrication, LLC (collectively, "DMI") against LM Insurance Corporation ("LMIC") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana in a suit captioned *Powko Industries, LLC v. DMI Contractors, Inc. and DMI Pipe Fabrication, LLC*, No. 629,238 (the "State Court Suit").[1]  By their Third Party Demand, DMI seeks to recover sums DMI paid to settle claims asserted by Powko Industries, Inc. in the State Court Suit, as well as in a parallel federal suit which alleged federal RICO and Lanham Act claims, *Powko Industries, LLC v. Scott Folse, et al.*, No. 15-388-BAJ-SCR (the "First Federal Court Suit").[2]  DMI asserts that under the terms of an insurance policy issued by LMIC to DMI Contractors, Inc., LMIC was obligated to participate "in the settlement of and payment of a settlement," and that LMIC has breached that obligation in bad faith.[3]

On January 11, 2017, LMIC filed a Notice of Removal, asserting that the Third Party Demand is a new lawsuit over which this court has federal subject matter jurisdiction pursuant to

---

[1] R. Doc. 1, ¶ 1.
[2] R. Doc. 1-2, ¶¶ 3 & 16-19.
[3] R. Doc. 1-2, ¶¶ 16 & 17.  LMIC has also filed a separate declaratory judgment action, seeking a declaration from this court that LMIC does not owe a duty to defend DMI in the State Court Suit, that the CGL policies at issue do not cover the parties' settlement, and that DMI's statutory bad faith claims against LMIC related to the State Court Suit and the First Federal Court Suit are prescribed and/or without merit.  *LM Ins. Corp. v. Scott Folse, DMI Contractors, Inc., and DMI Pipe Fabricators LLC*, No. 17-cv-20-BAJ-RLB, United States District Court, Middle District of Louisiana.

1

28 U.S.C. § 1332[4] because the parties are completely diverse and the amount in controversy exceeds $75,000.00.[5]  In its Notice of Removal, LMIC asserts that "despite the parties' settlement – which indisputably was consummated more than a year ago – the state court lawsuit against DMI inexplicably was not formally dismissed."[6]  The undersigned's review of the state court record attached to LMIC's Notice of Removal confirms that the State Court Suit was not formally dismissed.[7]

On January 23, 2017, the undersigned ordered LMIC to file a Memorandum in Support of Federal Subject Matter Jurisdiction by February 13, 2017 specifically addressing, *inter alia*: (1) whether this suit fits within the limited exceptions set forth in *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970) and *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002) to the general rule that a third party defendant may not remove a case based on diversity jurisdiction; and (2) based on the status of the State Court Suit at the time of removal, whether the entire matter (*i.e.*, including the original plaintiff's claims against non-diverse defendants) was removed pursuant to *Eckert v. Administrators of the Tulane Educational Fund*, 2016 WL 158919 (E.D. La. Jan. 14, 2016) and, if so, whether complete diversity between the parties exists.[8]  The undersigned further ordered that DMI "shall file any response within twenty-one (21) days of LM Insurance Corporation filing its Memorandum in Support of Federal Subject Matter Jurisdiction."[9]

---

[4] The Notice of Removal also alleges this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  However, LMIC provides no explanation or support for that position and its Notice of Removal only presents allegations of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[5] With regard to the amount in controversy, LMIC alleges that "DMI's pleading is silent as to the settlement amount, but this amount is $1.5 million, which far exceeds the jurisdictional minimum." R. Doc. 1, ¶ 22.  LMIC further alleges that "DMI seek to recover penalties and attorney fees for LMIC's alleged bad faith in failing to pay the settlement.  These amounts are considered in determining the amount in controversy." R. Doc. 1, ¶ 23.

[6] R. Doc. 1, ¶ 6.

[7] R. Doc. 1-7.

[8] R. Doc. 8.  The undersigned also ordered LMIC to address the basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331, if any.  LMIC's February 13, 2017 Memorandum in Support of Federal Subject Matter Jurisdiction does not set forth any basis for federal question subject matter jurisdiction.  R. Doc. 14.

[9] R. Doc. 8.

2

Pursuant to the January 23, 2017 Notice and Order, LMIC filed its Memorandum in Support of Federal Subject Matter Jurisdiction on February 13, 2017.[10]  However, despite this court's Notice and Order granting DMI twenty-one (21) days to file a response regarding subject matter jurisdiction, DMI failed to file any memorandum regarding subject matter jurisdiction by the March 6, 2017 deadline.  Instead, the only indication that DMI has since considered federal subject matter jurisdiction is contained in the parties' March 2, 2017 Status Report, wherein DMI asserts, without explanation, that it "contests the jurisdiction of the Court pursuant to 28 U.S.C. § 1332(c)."[11]

Despite DMI's failure to timely file a response, this court is required to consider whether federal subject matter jurisdiction exists and the undersigned finds that briefing from DMI on the issues previously outlined in this court's January 23, 2017 Notice and Order and addressed in LMIC's Memorandum in Support of Federal Subject Matter Jurisdiction would be helpful to making the determining regarding the existence of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that DMI shall file a response to LMIC's Memorandum in Support of Federal Subject Matter Jurisdiction **on or before March 15, 2017**.  DMI's briefing shall address the issues previously outlined in this court's January 23, 2017 Notice and Order[12] and shall explain why DMI "contests the jurisdiction of the Court pursuant to 28 U.S.C. § 1332(c)" as asserted in the parties' Status Report.[13]

Signed in Baton Rouge, Louisiana, on March 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 14.
[11] R. Doc. 15.
[12] R. Doc. 8.
[13] R. Doc. 15.